BEER, Judge.
A three-year, multi-peril, “reporting endorsement” insurance policy was issued to appellant, Pelican Tomato Company, Inc., by appellee, Phoenix of Hartford Insurance Company, through the agency of appellee, John J. Petre, Inc. During the effective period of the policy, a fire occurred at appellant’s premises. A satisfactory adjustment for the loss of the building was made, but a dispute arose between insured and insurer on the amount due under the personal property coverage (Coverage B), which is based upon reports from the insured describing the changing value of personal property located on the insured’s business premises. The property here involved consisted of inventory (cantaloupe and tomatoes) as well as furniture, machinery and equipment.
Insurance (up to $60,000) was provided under the terms and conditions of the policy on the following basis:
“Full Reporting Clause: Liability under this policy shall not in any case exceed that proportion of any loss hereunder which the last value reported prior to the loss, at the location where the loss occurs, bears to the total actual cash value at that location on the date for which such report was made. Liability for loss hereunder occurring at any location acquired since filing the last report (except as provided in the Value Reporting Clause) shall be apportioned in a like manner, except that the proportion used shall be the relation that the values reported prior to the loss at all locations bear to the total actual cash values at all locations on the date for which such report was made.
The premium for the property coverage under the reporting indorsement was subject to adjustment based upon the average of total value reported. Failure to report the full value of covered property directly resulted in a lower premium.
Appellant had, throughout the policy period, made no report on the value of furniture, machinery and equipment but only the value of the inventory. When the formula provided for in the policy was applied to this figure, the claim recognized by the insurance company was $11,661.70 rather than the maximum of $60,000.00. This amount they placed in the registry of the court.[1]
Appellant has refused this tender, contending that the Petre Insurance Agency, through its employee Yolanda Davis, informed Mr. Joseph Matassa, president of Pelican Tomato Co., that it was not necessary to report the machinery and equipment in the building each month since it was a “fixed cost.” That any such instructions *391 were given is categorically denied by Mrs. Davis and by appellees, who point out that the value of the company’s machinery and equipment is not a fixed amount since it fluctuated as various additions are made and deletions occur.
Appellant alternatively argues that even if no such instructions were given by Mrs. Davis, the agency, itself, had an affirmative duty to advise the insured if it was apparent that erroneous reporting was taking place.
As to the first issue, the trial court has detailed reasons for judgment:
“Regarding the alleged instructions given by John J. Petre, Inc. to plaintiffs, Mr. Joseph Matassa testified at the trial that these instructions were obtained from Mrs. Davis about the time the policy was being written but that he couldn’t remember whether it was before or after the first monthly report. His attention was then called to the testimony he gave in a discovery deposition wherein he stated that he reported everything for the first few months before Mrs. Davis told him not to report his fixed costs. An examination of the reports reveals that these values were never reported prior to the loss. Moreover, the evidence indicates that the value of the fixtures and equipment was not constant. In fact the final total value of all the machinery and equipment was not $25,000 which he allegedly reported to Mrs. Davis, but over $56,000.
While it is true that the $56,000 figure includes some $22,000 worth of forklift trucks which may have been covered by other specific insurance, it appears that Mr. Matassa did, in fact, file a claim with Phoenix for the value of these trucks. The record further reflects that none of the other purchases of smaller items of equipment were ever reported to either of the defendants in any manner even though Mr. Matassa stated that Mrs. Davis told him to inform her of any additional purchases or dispositions of any equipment or machinery. Mr. Matassa stated that these additions were too minor to report.
Mr. Matassa also testified that he did not know that his insurance premiums fluctuated with the value given in the reports. However, this trial testimony also apparently conflicted with his previous deposition testimony.
Mrs. Davis, on the other hand, was adamant and unequivocal in her denial of Mr. Matassa’s allegations concerning the alleged instructions. ...
Mr. John Favalora, Mr. Matassa’s C.P.A., also testified that Mrs. Davis told him that only inventory items had to be reported when he inquired about this after the fire. Mrs. Davis admits that Mr. Favalora came to her office the day after the fire to obtain a copy of the policy but steadfastly denies telling him that machinery and equipment did not need to be reported. It is somewhat interesting to note that Mr. Favalora apparently put little weight in this alleged instruction as he promptly proceeded to prepare a detailed report giving a complete history of all the machinery and equipment purchases and values. He stated that he knew from prior experience that this type of policy required a full reporting of machinery and equipment items as well as the ‘inventory’ items.
The Court notes that neither Mr. Matassa nor Mr. Favalora have any documents or memoranda to support their allegations. It is well settled that in a civil case the plaintiff must prove his case by a preponderance of the evidence. After having had an opportunity to observe and weigh the testimony of the witnesses on this issue, the Court holds that the plaintiffs have not borne their burden of proving any wrongdoing on the part of the defendant, John J. Petre, Inc.”
We are of the view that the record supports these conclusions.
On the second, or alternative, issue raised by appellant, it is important to note that the agency did not assume the duty of reporting the values on a monthly basis to the insurance company. The record shows *392 that the responsibility of the agency was simply to forward the report to the insurance company (after making a copy for their own internal files). Willard Gray, Senior Field Auditor for Travelers Insurance Company (which had bought out Phoenix by the time of the trial), testified that reporting indorsement policies are based on voluntary compliance, and that the company does not routinely check values as reported by the insured. In recognizing the duty thus imposed, the Louisiana Supreme Court, quoting Camilla Feed Mills v. St. Paul Fire and Marine Ins. Co., 177 F.2d 746, 747 (5th Cir. 1949), in Reilly-Benton Company, Inc. v. Liberty Mutual Insurance Company, 278 So.2d 24, 26 (La.1973), observed:
“ * * * The one big obligation placed on the. insured under such a policy was that he report to the company, not later than thirty days after the last day of each month, the exact value of such property covered under the policy, its exact location, and all other specific insurance in force on the same.”
The insured had underreported the value of its inventory, and the court upheld the insurance company’s invocation of a penalty clause in the policy.
The logic which makes reporting by the insured a workable arrangement is its self-policing feature, namely, that underreport-ing is penalized by the risk that the unreported property will become an uninsured loss. Logically, this risk makes it unnecessary for the agency to check the accuracy of the insured’s reports.
We agree with the trial court’s conclusion that neither the insurance company nor the insurance agency had any unfulfilled duty to further check the values set forth on the reports submitted by the insured.
The judgment is affirmed at appellant’s cost.

AFFIRMED.

. There is no argument between the litigants about the correctness of the formula — only about the gross figure to which it applies.